Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
GLUCK LAW FIRM
16950 Via De Santa Fe
Rancho Santa Fe, California 92067
Telephone: (310) 776-7413
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL SURFACE PUBLISHING, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYBE CO., LTD.; HYBE AMERICA INC.; ADOR CO., LTD.; KIN MIN-JI p/k/a "MINJI," an individual; HANNI PHAM p/k/a "HANNI," an individual; DANIELLE JUNE MARSH p/k/a "DANIELLE," an individual; KANG HAE-RIN p/k/a "HAERIN," an individual; LEE HYE-IN p/k/a "HYEIN," an individual; UMG RECORDINGS, INC.; BEASTS AND NATIVES CO. LTD d/b/a "BANA ENTERTAINMENT"; PEERMUSIC III, LTD.; MUSIC CUBE, INC.;  SONY MUSIC PUBLISHING (US) LLC; CONCORD MUSIC GROUP, INC.; APPLE INC.; HYUN JI KIM, an individual; HO HYOUNG LEE, an individual; SUNG BIN LIM, an individual; YLVA ANNA BIRGITTA DIMBERG, an individual; and DOES 1-10,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMPLAINT

Plaintiff, All Surface Publishing, Inc., by and through its below-referenced counsel, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. At all relevant times, All Surface Publishing, Inc. ("All Surface" or "Plaintiff") is and was a New York Corporation.

5. Upon information and belief, at all relevant times, Defendant Hybe Co. Ltd. is a Korean corporation with a principal place of business located at 42, Hangang-Daero, Yongsan-gu, Seoul, 04389. Hybe Co. Ltd. has been and continues to be registered with the California Secretary of State since 2019. Hybe Co. Ltd. maintains an office and/or location in this judicial district.

6. Upon information and belief, Hybe Co. Ltd. owns and/or controls, in whole or in part, exclusive rights in *ETA*. Hybe Co. Ltd. is a publisher of the composition of *ETA*. Hybe Co. Ltd. has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

7. Upon information and belief, at all relevant times, Defendant Hybe America Inc. is a California corporation with a principal place of business located at 2100 Colorado Avenue, Suite 200, Santa Monica, CA 90404.

8.      Upon information and belief, Hybe America Inc. owns and/or controls, in whole or in part, exclusive rights in *ETA*. Hybe America Inc. has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

9.      Upon information and belief, at all relevant times, Defendant ADOR Co., LTD. is a Korean limited corporation owned in whole or in part by Hybe Co. Ltd. ADOR does business in and with California and this judicial district, namely, at its and/or its affiliates' or owner's offices located at 2110 Colorado Avenue, Suite 200, Santa Monica, CA 90404.

10.     Upon information and belief, ADOR Co., LTD. owns and/or controls, in whole or in part, exclusive rights in *ETA*. ADOR is a publisher of the composition of *ETA*. ADOR has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

11.     Upon information and belief, at all relevant times, Defendant Kin Min-ji p/k/a "Minji" is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Minji has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

12.     Upon information and belief, Minji owns and/or controls, in whole or in part, exclusive rights in *ETA*. Minji co-authored *ETA*. Minji has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned

revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

13. Upon information and belief, at all relevant times, Defendant Hanni Pham p/k/a "Hanni" is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Hanni has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

14. Upon information and belief, Hanni owns and/or controls, in whole or in part, exclusive rights in *ETA*. Hanni co-authored *ETA*. Hanni has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

15. Upon information and belief, at all relevant times, Defendant Danielle June Marsh p/k/a "Danielle" is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Danielle has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

16. Upon information and belief, Danielle owns and/or controls, in whole or in part, exclusive rights in *ETA*. Danielle co-authored *ETA*. Danielle has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

17. Upon information and belief, at all relevant times, Defendant Kang Hae-rin p/k/a "Haerin" is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Haerin has written

agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

18.     Upon information and belief, Haerin owns and/or controls, in whole or in part, exclusive rights in *ETA*. Haerin co-authored *ETA*. Haerin has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

19.     Upon information and belief, at all relevant times, Defendant Lee Hye-in p/k/a "Hyein" is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Hyein has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

20.     Upon information and belief, Hyein owns and/or controls, in whole or in part, exclusive rights in *ETA*. Hyein co-authored *ETA*. Hyein has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

21.     Upon information and belief, Minji, Hanni, Danielle, Haerin, and Hyein are members of the musical group "New Jeans."

22.     Upon information and belief, at all relevant times, Defendant UMG Recordings, Inc. is a Delaware corporation with a principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404; and/or a registered agent for service of process located at 330 N Brand Blvd., Glendale, CA 91203.

23.     Upon information and belief, UMG owns and/or controls, in whole or in part, exclusive rights in *ETA*. UMG has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or

licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

24.     Upon information and belief, at all relevant times, Defendant Apple Inc.  is a California corporation with a principal place of business located at One Apple Park Way, Cupertino, CA 95014. Apple has been and continues to be registered with the California Secretary of State since 1977 and maintains registered agents for service of process in this judicial district at 220 N Brand Blvd., Glendale, CA 91203.

25.     Upon information and belief, at all relevant times, Defendant Beasts And Natives Co., Ltd. d/b/a "BANA Entertainment" is a Korean corporation. BANA has written agreements regarding ownership and exploitation of *ETA* with entities located in this judicial district, including Concord Music Group, Inc. and Hybe Co. Ltd. and/or its affiliates/subsidiaries.

26.     Upon information and belief, BANA owns and/or controls, in whole or in part, exclusive rights in *ETA*. BANA is a publisher of the composition of *ETA*. BANA has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

27.     Upon information and belief, at all relevant times, Defendant Peermusic III, Ltd. ("Peer Music") is a Delaware corporation with a principal place of business located at 295 Madison Avenue, Suite 977, New York, NY 10017. Peer Music has been and continues to be registered with the California Secretary of State since 2020. Peer Music maintains an office and/or location in this judicial district; and/or a registered agent for service of process located at 901 West Alameda Avenue, Suite 108, Burbank, CA 91506.

28.     Upon information and belief, Peer Music owns and/or controls, in whole or in part, exclusive rights in *ETA*. Peer Music has offered for sale or download, sold,

COMPLAINT

reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

29.    Upon information and belief, at all relevant times, Defendant Music Cube, Inc. is a Korean corporation with a principal place of business located at Office 3F, 722, Nonhyeon-dong, Gangnam-gu Seoul, Korea, 06051. Music Cube is owned in whole or in part by Peer Music. Music Cube has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Peer Music.

30.    Upon information and belief, Music Cube owns and/or controls, in whole or in part, exclusive rights in *ETA*. Music Cube has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

31.    Upon information and belief, at all relevant times, Defendant Ho Hyoung Lee p/k/a "250" is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. 250 has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries. 250 is a BANA producer and has collaborated with New Jeans on numerous songs.

32.    Upon information and belief, 250 owns and/or controls, in whole or in part, exclusive rights in *ETA*. 250 produced *ETA*, and is a credited producer and co-writer of *ETA*. 250 has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

COMPLAINT

33.     Upon information and belief, at all relevant times, Defendant Sony Music Publishing (US) LLC is a Delaware corporation with a principal place of business located at 25 Madison Avenue, New York, New York 10010. Sony maintains offices and registered agents for service of process in California and this judicial district and has been and continues to be registered with the California Secretary of State since 1995.

34.     Upon information and belief, Sony owns and/or controls, in whole or in part, exclusive rights in *ETA*. Sony is a publisher of the composition of *ETA*. Sony has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

35.     Upon information and belief, at all relevant times, Defendant Concord Music Group, Inc. is a Delaware corporation with a principal place of business located at 10 Lea Avenue, Suite 300, Nashville, TN 37210. Concord maintains offices and/or registered agents for service of process in California and this judicial district and has been and continues to be registered with the California Secretary of State since 1981.

36.     Upon information and belief, Concord owns and/or controls, in whole or in part, exclusive rights in *ETA*. Concord is a publisher of the composition of *ETA*. Concord has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *ETA*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

37.     Upon information and belief, at all relevant times, Defendant Hyun Ji Kim is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Hyun Ji Kim has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

8

COMPLAINT

38.    Upon information and belief, Hyun Ji Kim owns and/or controls, in whole or in part, exclusive rights in *ETA*. Hyun Ji Kim co-wrote *ETA* and is a credited author of *ETA*. Hyun Ji Kim has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

39.    Upon information and belief, at all relevant times, Defendant Sung Bin Lim is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Sung Bin Lim has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

40.    Upon information and belief, Sung Bin Lim owns and/or controls, in whole or in part, exclusive rights in *ETA*. Sung Bin Lim co-wrote *ETA* and is a credited author of *ETA*. Sung Bin Lim has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

41.    Upon information and belief, at all relevant times, Defendant Ylva Anna Birgitta Dimberg is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district. Ylva Anna Birgitta Dimberg has written agreements regarding the ownership and exploitation of *ETA* with entities located in this judicial district, including Hybe Co. Ltd. and/or its affiliates/subsidiaries.

42.    Upon information and belief, Ylva Anna Birgitta Dimberg owns and/or controls, in whole or in part, exclusive rights in *ETA*. Ylva Anna Birgitta Dimberg co-wrote *ETA* and is a credited author of *ETA*. Ylva Anna Birgitta Dimberg has offered for sale or download, sold, reproduced, distributed, prepared derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) *ETA*; and has

earned revenues and profits generated in connection with the same since the release of *ETA*, including in this judicial district.

43.    Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of All Surface's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to All Surface, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

44.    Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted all of the acts or conduct alleged, with full knowledge of all violations of All Surface's rights and the damages to All Surface proximately caused thereby.

**DEFENDANTS' INFRINGEMENT OF *SAMIR'S THEME***

45.    All Surface owns the exclusive rights in the musical composition entitled *Samir's Theme*, registered with the United States Copyright Office. The registration predates the infringement, allowing All Surface to seek statutory damages and attorneys' fees.

46.    In or around July 2023, Defendants, and each of them, commercially released *ETA* as part of New Jeans' EP "Get Up."

47.    *Samir's Theme* and *ETA* contain quantitatively and qualitatively similar material, including a combination of melodic and rhythmic elements that is original and distinctive to *Samir's Theme*.

48.    *Samir's Theme* features a syncopated melodic horn commencing on an eighth note on beat one and extending through a distinctive syncopated pattern that shifts

off the beat through beats three and four, and a rhythmic structure employing sixteenth notes and sixteenth note rests, including a characteristic sixteenth note rest on the upbeat in the middle of the bar.

49.     *Samir's Theme* features a bass drum hit on beats 1 and 2.

50.     *ETA* features a syncopated melodic horn commencing on an eighth note on beat one and extending through a distinctive syncopated pattern that shifts off the beat through beats three and four, and a rhythmic structure employing sixteenth notices and sixteenth note rests, including a sixteenth note rest on the upbeat in the middle of the bar.

51.     *ETA* features a bass drum hit on beats 1 and 2.

52.     Thus, following the creation of *Samir's Theme* and gaining access to the same, Defendants, and each of them, included a combination of elements in *ETA*'s musical composition (and sound recording embodying that composition) that is strikingly and/or substantially similar, and indeed virtually identical, to an original combination of elements from *Samir's Theme* without a license from or compensation to All Surface.

53.     In or about June 2026, All Surface sent a notice of infringement to Defendants demanding that they cease and desist from their unauthorized exploitation (including exploitations on every platform and channel within their direction control, or influence) of *Samir's Theme* used in *ETA* unless and until the parties resolve the dispute. The parties did not reach a resolution. Since that time, Defendants, and each of them, have engaged in, and continue to engage in, various commercial exploitations of *ETA*.

54.     *ETA* has generated significant revenue and profits to Defendants, and each of them.

55.     Defendants, and each of them, continue to exploit, and earn revenues and profits from the exploitation of, *ETA* in violation of All Surface's rights in *Samir's Theme* despite All Surface contacting numerous Defendants in an attempt to resolve this dispute.

56.     Upon information and belief, Apple, in partnership with Defendants, caused *ETA* to be prominently featured in Apple advertising campaigns targeting this judicial district, among others, that coincided with the release of *ETA*.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement—Against all Defendants, and Each)

57. All Surface incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

58. All Surface is the sole and exclusive owner of the composition of *Samir's Theme*.

59. The composition of *Samir's Theme* is registered with the U.S. Copyright Office.

60. The composition of *Samir's Theme* is an original work.

61. Defendants, and each of them, had access to the composition of *Samir's Theme* because it has been continuously widely and internationally disseminated since well before the infringement at issue and/or because the asserted similarities between *Samir's Theme* and *ETA* are so striking that it is highly likely the works were not created independently of one another and access is established by way of striking similarity.

62. Upon information and belief, Defendants, and each of them, copied, reproduced, distributed, created derivative works of, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *Samir's Theme* in creating, offering for sale or download, selling, reproducing, distributing, creating derivative works of, and/or publicly performing (or authorizing or licensing any/all of the foregoing) *ETA*, all without authorization from or compensation to All Surface.

63. Due to Defendants', and each of their, acts of copyright infringement, All Surface has suffered damages in an amount to be established at trial.

64. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, All Surface is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement in an amount to be established at trial.

COMPLAINT

65. Upon information and belief, Defendants', and each of their, conduct as alleged herein was done with actual or constructive knowledge of, and/or reckless disregard or willful blindness for, All Surface's rights in the composition of *Samir's Theme*, such that Defendants' infringements were, and continue to be, willful. Plaintiff may elect to seek statutory damages for infringement of up to $150,000.00.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious Copyright Infringement—Against all Defendants, and Each)**

66. All Surface incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

67. Upon information and belief, the third parties (including other Defendants) to whom Defendants, and each of them, distributed and/or authorized the distribution of *ETA* have further reproduced, distributed, adapted, and/or publicly performed *ETA*, and continue to do so, without All Surface's authorization—e.g., the third-party digital music streaming and subscription services streaming *ETA* (e.g., Spotify, YouTube, Apple Music, Amazon Music, Tidal, etc.) directly infringe All Surface's public performance right in the composition of *Samir's Theme* by doing so.

68. Upon information and belief, Defendants, and each of them, have the right and ability to supervise or control those third parties' directly infringing activities. Defendants, and each of them, distributed and/or authorized the distribution of *ETA* to third parties (including other Defendants) pursuant to licensing or other agreements with those third parties that grant Defendants, and each of them, the right and ability to supervise or control those third parties' further reproduction, distribution, adaptation, and/or public performance of *ETA*—e.g., under those agreements, upon demand by any Defendant, and/or their representatives, the third-party digital music streaming and subscription services must cease and desist from streaming, or otherwise remove, disable, or limit users' access to, *ETA*.

69. Upon information and belief, Defendants, and each of them, directly and substantially financially benefit from those third parties (including other Defendants)

further reproducing, distributing, adapting, and/or publicly performing *ETA* pursuant to the licensing or other agreements between them—e.g., under their agreements with the third-party digital music streaming and subscription services, Defendants, and each of them, earn a share of the revenue produced by, and thus profits from, each and every stream of *ETA* by and/or on those third-party digital music streaming and subscription services.

70.    Upon information and belief, Defendants, and each of them, have nevertheless failed to exercise their right and ability to supervise or control those third parties' directly infringing activities, namely, to stop or limit the further reproduction, distribution, adaptation, and/or public performance of *ETA* by those third parties (including other Defendants)—e.g., each Defendant has failed to demand that the third-party digital music streaming and subscription services cease and desist from streaming, or otherwise remove, disable, or limit users' access to, *ETA*, and instead has continued to directly and substantially financially benefit from those third-party digital music streaming and subscription services streaming *ETA* and thus directly infringing All Surface's public performance right in the composition of *Samir's Theme*.

71.    This renders Defendants, and each of them, vicariously liable for the direct infringement of those third parties (including other Defendants).

72.    Due to Defendants', and each of their, acts of vicarious copyright infringement, All Surface has suffered damages in an amount to be established at trial.

73.    Due to Defendants', and each of their, acts of vicarious copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their vicarious infringement of All Surface's copyright in the composition of *Samir's Theme*. As such, All Surface is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement in an amount to be established at trial.

74.    Upon information and belief, Defendants', and each of their, conduct as alleged herein was done with actual or constructive knowledge of, and/or reckless

14

COMPLAINT

disregard or willful blindness for, All Surface's rights in *Samir's Theme*, such that Defendants' vicarious infringements were, and continue to be, willful. Plaintiff may elect to seek statutory damages for infringement of up to $150,000.00.

## **PRAYER FOR RELIEF**

### **(Against All Defendants, and Each)**

WHEREFORE, All Surface demands judgment against Defendants, and each of them, as follows:

a. A declaration that Defendants have willfully infringed All Surface's copyrights in *Samir's Theme*;

b. An injunction permanently restraining and enjoining Defendants, each of them, and anyone working for, with, or in concert with Defendants, from further infringing All Surface's copyrights in *Samir's Theme*, or alternatively that All Surface be awarded future revenues and profits earned in connection with the continued exploitation of *ETA* in an amount attributable to use of *Samir's Theme* in *ETA*, the exact sum to be proven at the time of trial;

c. Awarding all Defendants' (and each of their) revenues and profits, plus all of All Surface's losses, directly and indirectly attributable to Defendants' (and each of their) infringements of All Surface's copyrights in *Samir's Theme* as alleged herein, the exact sum to be proven at the time of trial;

d. Awarding All Surface pre- and post-judgment interest as allowed by law;

e. Awarding All Surface attorneys' fees and the costs of this action; and

f. Awarding All Surface such further and other relief as the Court deems proper.

All Surface demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 7, 2026    By: */s/ Jeffrey S. Gluck*
          Jeffrey S. Gluck, Esq.
          GLUCK LAW FIRM
          *Attorneys for Plaintiff*

COMPLAINT